Thomas A. Saenz (pro hac vice forthcoming)
Eduardo Casas (pro hac vice forthcoming)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       ecasas@maldef.org

Daniel R. Ortega, Jr. (Ariz. Bar No. 005015)
ORTEGA LAW FIRM, P.C.
361 East Coronado Rd., Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Facsimile: (602) 386-4480
E-mail: danny@ortegalaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Deyra Pamela Carranza Aguilar,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Innovative Funding Services d/b/a Tresl,<br><br>　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1981; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Deyra Pamela Carranza Aguilar ("Plaintiff" or "Aguilar"), individually and on behalf of all others similarly situated, makes the following allegations, based upon information and belief, against Defendant Innovative Funding Services d/b/a Tresl ("Defendant" or "Tresl"):

## INTRODUCTION

1. Defendant follows a policy of denying applicants full access to financial services on the basis of their immigration status or alienage, including those who have Deferred Action for Childhood Arrivals ("DACA").

2. Aguilar and members of the Class she seeks to represent were and are unable to access Defendant's financial services because of their immigration status or alienage. Aguilar brings this case against Defendant for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claim under 28 U.S.C. § 1331.

4. This Court is empowered to issue a declaratory judgment and to grant injunctive relief by 28 U.S.C. §§ 2201 and 2202.

5. This Court has jurisdiction over Plaintiff's claims for attorneys' fees and costs under 42 U.S.C. § 1988.

6. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

## PARTIES

**Plaintiff**

7. Aguilar is a resident of Phoenix, Arizona, and has been a DACA recipient since 2015. As part of the DACA initiative, Aguilar received authorization to work in the United States and a Social Security Number. Aguilar resided in Phoenix on the date that she attempted to apply for Defendant's financial services and was unlawfully denied

8. Defendant subjected Aguilar and members of the Class that she seeks to represent to discrimination in violation of federal law as described in this Complaint.

**Defendant**

9. Defendant is an auto loan aggregator headquartered in Austin, Texas. Defendant maintains an address at 9300 United Drive Suite 180, Austin, TX 78758. Upon information and belief, Defendant functions similar to a loan broker by facilitating financial services provided by the lenders in their network.

10. Defendant operates entirely online and offers four categories of automotive financial services: auto loan refinance, car lease purchases, company car purchases, and car protection products.

## STATEMENT OF FACTS

**Introduction**

11. Aguilar brings this action on behalf of herself and members of the proposed Plaintiff Class. The Class seeks damages, declaratory, and injunctive relief.

12. Aguilar is a recipient of DACA and has been since 2015. Since that time, she has continuously possessed an employment authorization card and Social Security Number.

13. Aguilar graduated from Arizona State University in 2020 with a Bachelor's degree in Social Work. While completing her degree, Aguilar volunteered for the Society of St. Vincent de Paul, assisting underserved children and homeless individuals throughout Arizona. Aguilar is now a case manager coordinator there, helping families and homeless individuals meet their basic needs and obtain housing.

14. In or around March 2022, Aguilar and her family decided to move to Flagstaff, Arizona, where the cost of living would be significantly higher. In order to accommodate these anticipated expenses, Aguilar needed to refinance an automobile loan on which she had an outstanding balance of about $17,000 with an APR of 15%.

15. Aguilar saw one of Tresl's advertisments online and submitted an auto refinance loan application. A financial advisor for Tresl, Noor Nijem Valido ("Valido"), contacted Aguilar

1  requesting a driver's license, a photo of the odometer, her vehicle registration card, her most recent
2  work paystub, and her insurance card.

3  16. Aguilar scheduled a phone call with Valido on March 1, 2022 at 9:30AM. During
4  that phone call, Aguilar told Valido that, as a DACA recipient, her work permit needed to be
5  renewed every two years. Valido made no further inquiries and told Aguilar that she would need
6  to check with "the lender" before proceeding and ended the phone call.

7  17. Aguilar received a text message from Valido about fifteen minutes later at 9:50AM
8  indicating that a manager told her not to continue with the application because "the lender" would
9  not finance her loan longer than the expiration date on her work permit. Valido told Aguilar that
10 lenders saw DACA recipients like Aguilar as a liability or unreliable due to the nature of their
11 work permit.

12 18. Aguilar suffered harm as a result of Tresl's refusal to process her application
13 because of her alienage. Tresl's conduct caused Aguilar to suffer damages, including
14 compensatory damages and emotional distress.

15 19. Tresl's refusal to process Aguilar's application caused her to feel the deleterious
16 effects of discrimination.

## **CLASS ACTION ALLEGATIONS**

18 20. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

19 21. Plaintiff brings this action on behalf of herself and all others similarly situated under
20 Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

21 22. Plaintiff seeks to represent the following nationwide Class ("the Class"), composed
22 of, and defined, as follows:

> All persons who resided in the United States at the relevant time
> they applied for or attempted to apply for financial services from
> Tresl, but were denied full and equal consideration by Tresl
> on the basis of alienage.

- 3 -

COMPLAINT

23. Plaintiff may amend the above class definition as this Court may permit or require. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

24. The potential members of the above Class as defined are so numerous that joinder is impracticable.

25. On information and belief, Defendant's records contain information as to the number and location of Class members that would allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

26. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff or any other individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether it is Defendant's policy to reject applicants for financial services on the basis of immigration status;

    b. Whether Defendant violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the Class on the basis of alienage;

    c. Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

    d. Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

27. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

28. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

29. Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

30. Class certification is appropriate because Defendant has acted and/or refused to act on grounds generally applicable to the members of the Class. Defendant's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

31. Defendant excludes Class Members from accessing their financial services on the basis of alienage and/or immigration status. The Class Members are entitled to declaratory, equitable, and injunctive relief to end Defendant's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

32. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

33. No other litigation concerning this controversy has been commenced by or against Class Members.

34. Class action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case. Class Members have been damaged and are entitled to recovery of damages and statutory penalties because of Defendant's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff and Class Members will rely on common evidence

to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

35. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CAUSE OF ACTION

### Alienage Discrimination

**(42 U.S.C. § 1981)**

36. Plaintiffs incorporates by reference all foregoing paragraphs as if set forth here.

37. Plaintiff brings this claim on her own behalf and on behalf of the Class.

38. Plaintiff and Class Members are persons within the jurisdiction of the United States.

39. Plaintiff and Class Members are aliens.

40. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

41. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

42. Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them access to financial services

43. Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for financial products on the basis of alienage.

44. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent further violations.

45. Plaintiff and Class Members are now suffering, and will continue to suffer, irreparable injury from Defendant's discriminatory acts and omissions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant:

i. Certification of the case as a class action on behalf of the proposed Class Members in the National Class;

ii. Designation of Plaintiff Aguilar as the class representative on behalf of the National Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. Declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981;

v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here;

vi. Statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

vii. Reasonable attorneys' fees and costs to the extent allowable by law; and

viii. Such other and further relief as the Court deems just and proper.

Dated: February 27, 2024

Respectfully submitted,

    MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

    /s/Eduardo Casas
    Eduardo Casas
    Thomas A. Saenz

    Daniel R. Ortega, Jr.
    ORTEGA LAW FIRM

    *Attorneys for Plaintiffs*